IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | No. 3:12-cr-201-O-1 |
| WILLIAM HACKLER,<br>            Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant William Hackler's ("Hackler") motion for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 53. Having considered the motion, the facts of the case, and the applicable law, the Court finds that the motion should be and is hereby denied.

### I.   BACKGROUND

Hackler pleaded guilty to conspiracy to distribute a controlled substance. The Court sentenced him to 240 months pursuant to 18 U.S.C. § 3553(a)(1) and 18 U.S.C. § 3553(a)(2)(A). Defendant now moves for a compassionate release, claiming that his medical conditions—combined with the threat of COVID-19—and his family circumstances are extraordinary and compelling reasons for his release. *See* ECF No. 53 at 13-14.[1]

### II.   LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act

---

[1] Hackler previously filed a motion for retroactive application of sentencing guidelines to drug offenses pursuant to 18 U.S.C. § 3582(c)(2), which the Court denied. ECF No. 49. To the extent that Hackler seeks that same relief in the instant motion, it is denied for the reasons set out in the Court's prior order.

of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i))); *see also id.* at 693 n.1. When deciding whether to modify a term of imprisonment, the court must "consider [] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is well-settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Nevertheless, the policy statement and its accompanying commentary are not irrelevant. "Courts should still look to the policy statement for guidance in determining what constitute 'extraordinary and compelling reasons' for sentence reduction when a prisoner files a compassionate release motion." *United States v. Fournier*, Criminal No. 4:12-CR-276-SDJ, 2022 WL 1645085, at *4 (E.D. Tex. May 24, 2022) (citing *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)).

### III. ANALYSIS

#### A. Medical Conditions

Hackler claims that he is obese and has mild chronic obstructive pulmonary disease, which, when combined with the threat of COVID-19, amount to life threatening ailments. But it is well-established that the mere existence of COVID-19 and a prisoner's general concerns of acquiring it do not—standing alone—provide "extraordinary and compelling" reasons for sentence reduction. *See, e.g., Thompson*, 984 F.3d at 435. ("Fear of COVID doesn't automatically entitle a petitioner

to release."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Further, Hackler does not allege or show that, in the event of a future COVID-19 outbreak at his facility, the BOP would be unable to manage it or that his unit is specifically unable to treat him if he were to contract the virus. *See*, *e.g.*, *United States v. Carbajal*, Case No. 2:12-CR-00010-JRG(1), 2022 WL 17736349, at *5 (E.D. Tex. Dec. 16, 2022) ("Defendant expresses legitimate concerns regarding COVID-19 and his health.  Nevertheless, they do not rise to the level of extraordinary and compelling reasons warranting release from imprisonment. As an initial matter, Defendant failed to establish that the BOP cannot manage a COVID-19 outbreak within his prison unit or that his unit is specifically unable treat him if he were to contract the virus. He failed to show how his medical conditions are extraordinary and compelling reasons justifying compassionate release.").

As for his alleged obesity and COPD, Hackler does not provide any medical records detailing these conditions, and that alone is enough to reject his compassionate release motion to the extent it is based on them. *See*, *e.g.*, *United States v. Pearce*, Civil Action No. 3:19-CR-0088-B-1, 2022 WL 992738, at *3 (N.D. Tex. Apr. 1, 2022). Further, these conditions, because of their prevalence in society, are not "extraordinary" for purposes of compassionate release. *See*, *e.g.*, *United States v. Sentimore*, CRIMINAL ACTION NO. 04-382, 2020 WK 7630778, at *2 (E.D. La. Dec. 22, 2020) ("However, while obesity is an underlying medical condition that results in an increased risk of severe illness from COVID-19, numerous courts have found that obesity does not warrant compassionate release.") (collecting cases); *United States v. Highnight*, CASE NO. 4:14-

3

CR-129(4), 2021 WL 5299249, at *3 (E.D. Tex. Nov. 12, 2021) ("Due to their prevalence, hypertension, hyperlipidemia, obesity, asthma, and COPD cannot be deemed 'extraordinary' in order to merit compassionate release.") (collecting cases).

Hackler's alleged medical conditions, even when combined with the generalized threat of COVID-19, do not warrant compassionate release.

### B.  Family Circumstances

Nor does Hackler convincingly argue that his family circumstances are an extraordinary and compelling circumstance justifying release. Hackler argues that he is the only available caregiver for his son, who has serious medical issues. He attaches medical records detailing his son's medical condition. ECF No. 54-7 at 23-28. Hackler also claims that his own mother, who has been serving as his son's caregiver, is now 76 years old with medical conditions that have rendered her incapacitated. ECF No. 53 at 13. He attaches some of her medical records in support. ECF No. 54-8 at 1-4, 8-22. Finally, Hackler claims that his son's mother, as well Hackler's own sisters, are on drugs, rendering them unfit to serve as caretakers. He attaches a letter—dated February 13, 2013—from the Texas Department of Family and Protective Services that details an investigation of the mother of Hackler's son, finding that she was non-compliant with an investigation. ECF No. 54-8 at 5.

Again, although not binding or dispositive, Section 1B1.13's policy statement in the Guidelines includes commentary on family circumstances as extraordinary and compelling reasons to justify release. "The family circumstances courts may consider as an adequate reason for a sentence reduction are limited to the need to care for a defendant's minor children or a spouse or registered partner, when no other caregiver is available." *United States v. Hanner*, Case No. 1:07-cr-10028-01, 2023 WL 159009, at *2 (citing U.S.S.G. § 1B1.13, cmt. n.1(C)).

4

Here, Hackler's family-circumstances argument fails for multiple reasons. First, although not explicit from the guidelines, the compassionate release applicant arguing only-available-caregiver status must show that he or she is a suitable caregiver. In *United States v. Paul*, Criminal Action No. 3:18-cr-00227, 2020 WL 5807343, at *1 (S.D.W.V. Sept. 25, 2020), for example, the petitioner claimed that he was the only available caretaker for his children, who were in foster care. The court first noted that "[a]lthough [the] guidelines do not expressly require a defendant to demonstrate that he or she is a suitable caretaker, the Court finds that this is implicitly required by the 'extraordinary and compelling standard.'" *Id*. (citing 18 U.S.C. § 3582; *United States v. Reeves*, No. 3:18-CR-0313-B-2, 2020 WL 5094825, at *3 (N.D. Tex. Aug. 28, 2020)); *see also United States v. Johnson*, No. 1:15-cr-00059-NONE, 2020 WL 6075867, at *5 (E.D. Cal. Oct. 15, 2020) (reaching same conclusion). The court concluded that the defendant did not make that showing because he did not provide evidence that he retained parental or custodial rights over the children and because the state child protective services intended to move to terminate the defendant's rights due to his substance abuse. *Paul*, 2020 WL 5807343, at *2.

Similarly in *Johnson*, the court concluded that the defendant failed to establish that he was a suitable caretaker for his children because the defendant's support for his status as a suitable caregiver came from his own conclusory assertions unsupported by declarations or other documentary evidence, because it was "unclear whether defendant has any custodial rights with respect to this child or whether, if released, those rights would be recognized and he would actually be awarded custody of his son," and because the defendant had a long history of substance abuse problems. *Johnson*, 2020 WL 6075687, at *5.

Here, as in *Paul* and *Johnson*, Hackler has not shown that he would be a suitable caretaker. He claims that he will live with his mother and son upon release. ECF No. 53 at 13. But he does

5

not provide any evidence—in the form of declarations or otherwise—showing that he will be able to care for his son. Nor does he provide any evidence showing that he has custodial rights in relation to his child and that, upon release, he "would actually be awarded custody of his son." *Johnson*, 2020 WL 6075867, at *5; *see also Paul*, 2020 WL 5807343, at *2 ("Defendant has not provided evidence that he retains parental or custodial rights over the children.").

But even if Hackler could show he was a suitable caretaker, there is still no extraordinary or compelling circumstance because he has not demonstrated that there are no other available caretakers. "[C]ourts have held that the 'family circumstances' criterion requires that the compassionate-release petitioner be the 'only available caregiver'…" *United States v. Tyler*, Criminal Action No. 09-391, 2021 WL 736467, at *4 (E.D. La. Feb. 25, 2021) (citing *United States v. Lisi*, 440 F.Supp.3d 246, 252 (S.D.N.Y. 2020) ("The animating principle of the Family Circumstances category is that there exists an extraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver."); *United States v. Nevers*, No. 16-88, 2020 WL 3077034, at *7 (E.D. La. June 10, 2020) (noting that the petitioner's family circumstances did not amount to extraordinary and compelling reasons because there were "no indication[s] that Petitioner [was] the only potential caregiver for her mother"); *United States v. Bucci*, 409 F.Supp.3d 1, 2 (D. Mass. 2019) (granting compassionate release for an inmate who was the "only potential caregiver" for his mother)).

Here, even assuming Hackler's mother is incapacitated, he has not shown that he is the only available caretaker. He says that his sister is on drugs, precluding her from acting as a caretaker for his son, but he provides no evidence in support of that contention. Further, the PSR

indicates that Hackler has a father and a brother. ECF No. 21-1 at 15. But Hackler provides no argument or evidence as to why they could not serve as caretakers.

Hackler's family circumstances are not an extraordinary and compelling circumstance warranting compassionate release.

### C. Sentencing Factors.

Finally, even if Hackler demonstrated extraordinary and compelling reasons warranting his release, the Court must consider the sentencing factors set forth in § 3553(a) to the extent they are applicable. *See* § 3582(c)(1)(A). The Court is not persuaded that these factors justify a compassionate release.

Section 3553(a) requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A).

Here, Hackler was convicted of possession of methamphetamine with intent to distribute and felon in possession of a firearm. ECF No. 30. He was sentenced to 240 months. His projected release date is February 24, 2028. https://www.bop.gov/inmateloc/(search for Hackler) (last visited January 23, 2023). As Hackler admits, he has only served around 50% of his sentence. ECF No. 53 at 13. Thus, releasing Hackler early would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense." *See* § 3553(a)(2)(A); *see also Thompson*, 984 F.3d at 434 (noting that compassionate release is generally granted only "for defendants who had already served the lion's share of their sentences"). Thus, the § 3553(a) factors also weigh against Hackler's release, which independently supports denial of his motion.

## IV. CONCLUSION

It is **ORDERED** that defendant William Hackler's motion for a compassionate release (ECF No. 53) is DENIED.

**SO ORDERED** this 23rd day of January, 2023.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**